JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Richard Wilson, appeals the trial court's imposition of maximum sentences for felonious assault and aggravated robbery of a police officer along with the order that the sentence for felonious assault and aggravated robbery of a police officer run consecutive to the sentences imposed for the aggravated robbery of three pedestrians.
 {¶ 2} On October 13, 2002, while on post release control, Wilson and two accomplices robbed three pedestrians with a firearm after a concert at the Cleveland State University Convocation Center. Cleveland police officers responded to the scene and chased after Wilson and the other robbery suspects.
 {¶ 3} Police Officer Daniel Lentz, alone at the time, ran after and tackled Wilson to the ground. A struggle ensued between Wilson and Officer Lentz during which Wilson attempted to pull a .25 caliber pistol from under his clothes. While struggling to get handcuffs on Wilson, another perpetrator appeared and fired a pistol at Officer Lentz. Officer Lentz also believes that Wilson's pistol went off during the struggle.
 {¶ 4} An angry mob gathered around the area where Officer Lentz was trying to subdue Wilson. Officer Lentz cried out for someone in the crowd to help him subdue Wilson. Instead of helping him, someone in the crowd hit the officer from behind and knocked him to the ground. Wilson then took Officer Lentz's radio from his belt and his police firearm from his holster. Two police officers came to the aid of Officer Lentz, and Wilson was eventually subdued and arrested. Wilson was also in possession of illegal drugs.
 {¶ 5} As a result of the struggle with Wilson, Officer Lentz suffered second degree burns to his wrist, had blurred vision from having his eye gouged by Wilson, and suffered hearing loss from the pistol that was fired.
 {¶ 6} The Grand Jury returned a 16-count indictment against Wilson. On February 19, 2003, he entered into a plea agreement with the State whereby he would plead guilty to: counts four, five, six — that on October 13, 2002, he robbed three persons outside the Cleveland State Convocation Center using a firearm, in violation of R.C. 2911.01, aggravated robbery; count thirteen — that on October 13, 2002, he assaulted a police officer while using a firearm, in violation of R.C.2903.11, felonious assault; and count fourteen — that on October 13, 2002, he knowingly removed a deadly weapon from a peace officer acting within the scope of his duties, in violation of R.C. 2911.03, aggravated robbery, all felonies of the first degree.
 {¶ 7} During the plea hearing, while being advised of his constitutional rights, he was advised:
 {¶ 8} "* * * you have the right to bring in witnesses to this court room to testify for your defense."
 {¶ 9} Thereafter, Wilson pleaded guilty to those counts, and the remaining counts were nolled. He was given sentences that totaled 13 years imprisonment.
 {¶ 10} The appellant presents two assignment's of error for review.
 {¶ 11} "I. The trial court erred in sentencing appellant to maximum terms of incarceration pursuant to counts thirteen and fourteen where the record does not support the sentence."
 {¶ 12} "II. The trial court erred in sentencing appellant to consecutive terms of incarceration where the record does not support the sentence."
 {¶ 13} The appellant's assignments of error as presented are hereby rendered moot. After reviewing the trial transcript, we find as plain error that the trial court did not properly inform the appellant of his constitutional right to compel, summon, or otherwise require witnesses to appear and testify on his behalf.
 {¶ 14} The right to compulsory process is constitutionally protected. State v. Nero (1990), 56 Ohio St.3d 106. See, also,Sixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution. The trial court's explanation of the right to compulsory process is reviewed for strict compliance. State v. Higgs
(1997), 123 Ohio App.3d 400.
 {¶ 15} Recently, in State v. Senich (Sept. 25, 2003), Cuyahoga App. No. 82581, this court held that merely advising the defendant that he has "the right to bring in witnesses to this courtroom to testify for your defense" is insufficient to apprise the defendant of his constitutional right to a compulsory process.
 {¶ 16} The trial court must inform a defendant that it has the power to force, compel, subpoena, or otherwise cause a witness to appear and testify on the defendant's behalf. Otherwise, the logical import of the court's notice is that the defendant could present such witnesses ashe could only secure through his own efforts. Id. at ¶ 33, (emphasis added).
 {¶ 17} In the instant matter, the trial court used the identical insufficient language found in Senich to inform the appellant of his constitutional right of compulsory process. (Tr. at 9.) We hold that the trial court did not properly inform the appellant of his constitutional right of compulsory process, causing the resulting guilty plea to be invalid.
 {¶ 18} Plea and judgment vacated; case remanded.
 {¶ 19} The plea and judgment are hereby vacated, and this matter is remanded to the trial court for further proceedings consistent with this opinion.
Anne L. Kilbane, P.J., and Timothy E. McMonagle, J., concur.
It is, therefore, ordered that said appellant recover of said appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.