JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant Tavaris Cummings ("Cummings") appeals from his guilty pleas to three counts of robbery and the imposition of consecutive sentences. Finding merit to this appeal, we vacate his guilty plea and remand for further proceedings.
 {¶ 2} In September 2003, Cummings pled guilty to an amended count of robbery with a three-year firearm specification in Case No. CR-437307. In Case Nos. CR-437559 and 437560, he also pled guilty to an amended count of robbery with a one-year firearm specification in each case. The trial court sentenced him to six years in prison for each count and four years on the firearm specifications, to run consecutively, for a total of 22 years.
 {¶ 3} Cummings appeals, raising six assignments of error. Because we find his sixth assignment of error dispositive of this appeal, we shall address it first.[1]
 {¶ 4} In his final assignment of error, Cummings contends that his guilty pleas must be vacated because the trial court failed to advise him of compulsory process of witnesses. We agree.
 {¶ 5} Prior to accepting Cummings' guilty plea, the trial court informed him that he had "the right to call witnesses to appear on [his] behalf." The court further told him that he also had "the right to confront and ask questions of witnesses." However, this explanation failed to sufficiently inform Cummings of the right to compulsory process.
 {¶ 6} Although a trial court need not specifically tell a defendant that he has the right to "compulsory process," it must nonetheless "inform a defendant that it has the power to force, compel, subpoena, or otherwise cause a witness to appear and testify on the defendant's behalf." State v. Wilson, Cuyahoga App. No. 82770, 2004-Ohio-499, at ¶ 16, appeal not allowed,102 Ohio St.3d 1484, 2004-Ohio-3069. See, also, State v. Senich,
Cuyahoga App. No. 82581, 2003-Ohio-5082, appeal not allowed,101 Ohio St.3d 1468, 2004-Ohio-819 (recognizing that merely telling a defendant that he has the right to call witnesses implies that the defendant could present only witnesses he was able to secure through his own efforts). Because the trial court failed to strictly comply with this constitutional requirement, we vacate the guilty pleas and remand this case for further proceedings. See State v. Nero (1990), 56 Ohio St.3d 106. See, also,Sixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution.
 {¶ 7} Cummings' final assignment of error is sustained. Accordingly, the remaining assignments of error relating to sentencing are rendered moot.
Judgment reversed, plea vacated and case remanded for further proceedings.
It is ordered that appellant recover of appellee his costs herein taxed.
It is ordered that a special mandate issue from this court to the Cuyahoga County Court of Common Pleas to carry this judgment into execution. A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kilbane, P.J. and Rocco, J. concur.
[1] The prosecutor also conceded this issue at oral argument.