JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Jermaine Rosenburg appeals from a judgment of conviction of the Cuyahoga County Court of Common Pleas sentencing him to a total of three years and ten months for the crimes of sexual battery, drug possession, carrying a concealed weapon, and probation violation. For the following reasons, we vacate and remand for further proceedings consistent with this opinion.
 {¶ 2} On October 22, 2003, the Cuyahoga County Grand Jury indicted defendant in CR-443902 on one count of rape, one count of kidnapping with a sexual motivation specification, and two counts of sexual battery. Defendant entered a not guilty plea at his arraignment.
 {¶ 3} Defendant was also indicted by the Cuyahoga County Grand Jury in CR-446422 on one count of carrying a concealed weapon, one count of possession of criminal tools, one count of having a weapon while under disability, one count of possession of drugs, and one count of receiving stolen property, motor vehicle. Defendant entered a not guilty plea at his arraignment.
 {¶ 4} On February 9, 2004, the parties notified the trial court that a plea agreement had been reached and that defendant would plead guilty to sexual battery, carrying a concealed weapon, and drug possession.
 {¶ 5} On April 7, 2004, defendant filed this appeal and raises three assignments of error for our review:
 {¶ 6} "I. The trial court failed to strictly comply with Crim.R. 11 which thus invalidates appellant's guilty plea."
 {¶ 7} In his first assignment of error, defendant claims that he did not enter his guilty plea knowingly, intelligently, or voluntarily because the trial court failed to properly inform him of his rights as required by Crim.R. 11. Specifically, defendant asserts that the plea was defective because he was not adequately advised of his constitutional right to compulsory process.
 {¶ 8} Crim.R. 11(C)(2) provides:
 {¶ 9} "In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept such plea without first addressing the defendant personally and:
 {¶ 10} "(a) Determining that he is making the plea voluntarily, with understanding of the nature of the charge and of the maximum penalty involved, and if applicable, that he is not eligible for probation.
 {¶ 11} "(b) Informing him of and determining that he understands the effect of his plea of guilty or no contest, and that the court upon acceptance of the plea may proceed with judgment and sentence.
 {¶ 12} "(c) Informing him and determining that he understands that by his plea he is waiving his rights to jury trial, to confront witnesses against him, to have compulsory process for obtaining witnesses in his favor, and to require the state to prove his guilt beyond a reasonable doubt at a trial at which he cannot be compelled to testify against himself."
 {¶ 13} The standard for reviewing whether or not the trial court accepted a plea in compliance with Crim.R. 11(C) is a de novo standard of review. State v. Stewart (1977),51 Ohio St.2d 86. Since the right to compulsory process is constitutionally protected, the trial court's explanation of the right to compulsory process is reviewed for strict compliance. State v.Nero (1990), 56 Ohio St.3d 106; State v. Higgs (1997),123 Ohio App.3d 400.
 {¶ 14} This Court has previously held that strict compliance with Crim.R. 11(C) requires the trial court to inform the defendant that witnesses could be "forced," "subpoenaed," "compelled," "summoned," or "required" to appear. State v.Strawther (1978), 56 Ohio St.2d 298; State v. Cummings,
Cuyahoga App. No. 83759, 2004-Ohio-4470; State v. Wilson,
Cuyahoga App. No. 82770, 2004-Ohio-499; State v. Senich,
Cuyahoga App. No. 82581, 2003-Ohio-5082; State v. Gurley (June 5, 1997), Cuyahoga App. No. 70586; State v. Huff (May 8, 1997), Cuyahoga App. No. 70996. Merely advising a defendant that he has "the right to bring in witnesses to this courtroom to testify for your defense" is insufficient to apprise a defendant of this constitutional right to compulsory process. See Ibid.
 {¶ 15} Here, the record shows that the trial court advised the defendant as follows:
 {¶ 16} "The Court: `The right to call witnesses and to appear and testify in your behalf?'
 {¶ 17} "The Defendant: `Yes.'" (Tr. 9-10.)
 {¶ 18} This language is almost identical to the insufficient language found in Cummings, Wilson, and Senich to inform the defendant of his constitutional right of compulsory process. Accordingly, we find that the trial court did not properly inform defendant of his right to compulsory process, thereby causing the resulting guilty plea to be invalid.
 {¶ 19} Our disposition of this assignment of error renders the remaining assignments of error moot.
 {¶ 20} The plea proceedings and judgment are hereby vacated and the matter is remanded for further proceedings consistent with this opinion.
It is ordered that appellant recover of appellee his costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Karpinski, J., and *Sweeney, J., concur.
(*SITTING BY ASSIGNMENT: Judge James D. Sweeney, Retired, of the Eighth District Court of Appeals.)