THE STATE OF OHIO, APPELLANT, *v*. CUMMINGS, APPELLEE.

[Cite as *State v. Cummings*, 107 Ohio St.3d 1206, 2005-Ohio-6506.]

*Appeal dismissed as improvidently accepted.*

(No. 2004-1678 — Submitted September 28, 2005 — Decided December 28, 2005.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 83759, 2004-Ohio-4470.

————————————

{¶ 1} The cause is dismissed, sua sponte, as having been improvidently accepted.

MOYER, C.J., RESNICK, PFEIFER, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

LUNDBERG STRATTON, J., dissents.

————————————

**LUNDBERG STRATTON, J., dissenting.**

{¶ 2} I respectfully dissent from the decision to dismiss this case. I would decide the case on the merits, reverse the judgment of the court of appeals, and remand for that court to review the remaining assignments of error.

{¶ 3} Defendant-appellee, Tavaris Cummings, pleaded guilty to three counts of robbery. Prior to accepting his guilty plea, the trial court personally addressed the defendant in court in accordance with Crim.R. 11(C)(2). The colloquy included the following:

{¶ 4} "The Court: You understand that by entering your pleas of guilt that you are waiving or giving up certain *Constitutional rights*?

{¶ 5} "Defendant: Yes.

**{¶ 6}** "The Court: Let me know that you understand those *rights* by saying yes to the questions I ask you. You understand you have a *right to a trial* before a jury or before a judge?

**{¶ 7}** "Defendant: Yes.

**{¶ 8}** "The Court: You have a *right to call witnesses to appear on your behalf*?

**{¶ 9}** "Defendant: Yes." (Emphasis added.)

**{¶ 10}** The court of appeals concluded that the phrase "right to call witnesses to appear on your behalf" did not comply with Crim.R. 11(C)(2)(c) because it failed to advise the defendant of the right to "compulsory process" for obtaining witnesses. Therefore, the court of appeals reversed the judgment, vacated the plea, and remanded the case for further proceedings.

**{¶ 11}** The issue before us is whether the trial court's statement to the defendant that he was waiving the "right to call witnesses to appear on [his] behalf" satisfied Crim.R. 11(C)(2)(c). A court shall not accept a plea of guilty or no contest in a felony case without first addressing the defendant and "[i]nforming the defendant and determining that the defendant *understands that by the plea the defendant is waiving the rights * * ** to have compulsory process for obtaining witnesses in the defendant's favor." (Emphasis added.) Crim.R. 11(C)(2)(c).

**{¶ 12}** I believe that the trial court informed the defendant of his right to have compulsory process for obtaining witnesses in terms that a layperson would reasonably understand. The purpose of Crim.R. 11(C) is to convey information to the defendant so that he or she can make a voluntary and intelligent decision on whether to plead guilty. However, a court need not repeat the rule verbatim to a defendant, but must only explain his or her constitutional rights in a "manner reasonably intelligible to the defendant." *State v. Sturm* (1981), 66 Ohio St.2d 483, 484, 20 O.O.3d 403, 422 N.E.2d 853.

{¶ 13} The United States and Ohio Constitutions guarantee a criminal defendant rights essential to a fair trial. See *Chambers v. Mississippi* (1973), 410 U.S. 284, 294, 93 S.Ct. 1038, 35 L.E.2d 297. Those rights, enumerated in Crim.R. 11(C)(2), include the "rights * * * to call witnesses on one's own behalf." Id. See, also, Section 11, Article VIII, Ohio Constitution and the Sixth Amendment to the United States Constitution. "Few rights are more fundamental than the right of an accused to present witnesses on his behalf." *State v. Brown* (1992), 64 Ohio St.3d 649, 652, 597 N.E.2d 510. Cases and statutes use the word "right" to mean a legal guarantee. See *State v. Nero* (1990), 56 Ohio St.3d 106, 107, 564 N.E.2d 474. I believe that when the court used the term "right" in this case, the court conveyed to the defendant that the "right" to call witnesses was a constitutional guarantee.

{¶ 14} In addition, to "call" means to "summon." Garner, Black's Law Dictionary (8th Ed.2004) 217. Therefore, I believe that the trial court adequately conveyed the nature of this right to the defendant. In fact, I believe that the trial court's words conveyed an even clearer message than does a recitation of the right to "have compulsory process for obtaining witnesses." Crim.R. 11(C)(2)(c). The words "compulsory process," "subpoena," and "compel witnesses" have legal significance and implications that a defendant may not know or understand. If the court uses these terms, a defendant may subsequently argue that he did not understand the right he was waiving because he did not know the meaning of "compulsory process."

{¶ 15} The court of appeals places form over substance. It makes no sense to rigidly adhere to the literal words of the rule when ordinary language conveys the same message without the use of legal jargon. Therefore, I respectfully dissent. I believe that the trial court sufficiently complied with Crim.R. 11(C)(2)(c). I would reverse the judgment of the court of appeals on this issue.

_____

William D. Mason, Cuyahoga County Prosecuting Attorney, and Matthew Meyer, Assistant Prosecuting Attorney, for appellant.

Robert L. Tobik, Cuyahoga County Public Defender, and John T. Martin, Assistant Public Defender, for appellee.

_____