JOURNAL ENTRY and OPINION
{¶ 1} Appellant Eddie Parks, Jr. appeals his guilty plea to the charge of murder. He assigns the following two errors for our review:
"I. The trial court erred by failing to determine that appellant/defendant understood that he was waiving each and every constitutional right prior to accepting appellant's plea, in violation of Ohio Criminal Rule 11(C)(2)(c)."
"II. The trial court erred by failing to adequately advise appellant/defendant of his right to compulsory process and by failing to determine his understanding of his right to compulsory process."
 {¶ 2} Having reviewed the record and pertinent law, we affirm Parks' conviction. The apposite facts follow.
 {¶ 3} The Cuyahoga County Grand Jury indicted Parks on one count of aggravated murder, with a firearm specification charge. The indictment alleged that Parks shot a man in the parking lot of Joe D's Bar located on 13411 Miles Avenue.
 {¶ 4} Parks originally entered a not guilty plea, but later entered a plea to the lesser offense of murder with a three-year gun specification. The trial court sentenced Parks to a term of fifteen years to life, plus three years for the firearm specification.
 Waiver of Constitutional Rights {¶ 5} We will address Parks' assigned errors together because they both argue the trial court did not strictly comply with Crim.R. 11(C) in accepting Parks' waiver of his constitutional rights. Parks argues the trial court did not engage him in a meaningful colloquy regarding the waiver of his constitutional rights because the court did not individually ask whether he waived each right, but asked whether he waived his constitutional rights after explaining all of the rights. He also argues the trial court did not explain his right to compulsory process in a reasonably intelligible manner.
 {¶ 6} In determining whether the trial court has satisfied its duties under Crim.R. 11 in taking a plea, reviewing courts have distinguished constitutional and non-constitutional rights.[1] The trial court must strictly comply with those provisions of Crim.R. 11(C) that relate to the waiver of constitutional rights.[2] "Strict compliance" does not require a rote recitation of the exact language of the rule; rather, the focus on review is whether the "record shows that the judge explained these rights in a manner reasonably intelligible to the defendant."[3]
 {¶ 7} As to the non-constitutional rights set forth in Crim.R. 11, only substantial compliance is required.[4]
Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving.[5]
 {¶ 8} In the instant case, the trial court stated the following in explaining the constitutional rights Parks would be waiving:
"Court: Now, because of the charges that have been placed against you, you have certain basic constitutional rights that I'm obligated to go over with you. If you don't understand them, please stop me and I'll try and clarify them for you. I'm sure your attorney has already reviewed those rights with you, has he not?
"Parks: Yes, your Honor.
"Court: Under the law, you have a right to have this case tried before a jury, or you may waive a jury and have your case tried by a Judge of this Court. Do you understand that?
"Parks: Yes, your Honor.
"Court: In the trial, the burden is on the State of Ohio to prove you guilty by evidence beyond a reasonable doubt. Do you understand that?
"Parks: Yes, your Honor.
"Court: You do not have to prove anything. Do you understand that?
"Parks: Yes, your Honor.
"Court: You have a right to face your accusers. You have a right with the help of your attorney to cross-examine them. Do you understand that?
"Parks: Yes, your Honor.
"Court: You have a right to subpoena and call witnesses to testify for you should you so desire. Do you understand that?
"Parks: Yes, your Honor.
"Court: You have a right to remain silent if you so desire. You do not have to testify. And should you choose not to testify no one may comment upon that fact. Do you understand that?
"Parks: Yes, your Honor."[6]
 {¶ 9} The court then inquired:
"Court: Do you understand that by entering a plea of guilty here today you waive your constitutional rights?
"Parks: Yes, your Honor."[7]
 {¶ 10} The Ohio Supreme Court has "strongly recommended" that when a trial court informs a defendant of his constitutional rights, the trial court should use the language contained in Crim.R. 11(C), stop after each right, and ask the defendant whether he understands the right and knows that he is waiving it by pleading guilty.[8] However, the Supreme Court has further held that failure to so proceed does not necessarily invalidate a plea.[9] Rather, because the underlying purpose of Crim.R. 11(C) is to ensure that the defendant is adequately informed before entering his plea, the focus upon review is whether the trial court explained or referred to the right in a manner "reasonably intelligible" to that defendant.[10] "To hold otherwise would be to elevate formalistic litany of constitutional rights over the substance of the dialogue between the trial court and the accused."[11]
 {¶ 11} Here, although the trial court did not stop and ask Parks whether he waived each individual right, we conclude that the trial court referred to and explained the constitutional rights and the waiver thereof in a manner reasonably intelligible to Parks.
 {¶ 12} The trial court prefaced its discussion of the waiver of rights by announcing to Parks that it was obligated to inform him of his constitutional rights at this time. The trial court then proceeded to discuss in short, clear sentences each of the separate rights including the right to a trial (before a jury or the court), the right to have the State prove guilt beyond a reasonable doubt, the right to cross-examine the State's witnesses, the right to subpoena witnesses in his favor, and the right against self-incrimination.
 {¶ 13} After stating each right, the trial court obtained a separate affirmative response confirming that Parks understood the right. At the conclusion of explaining the rights, the court inquired whether Parks waived these rights, to which Parks responded affirmatively. We cannot say under these facts the court failed to explain to Parks in a reasonably intelligible manner that he waived his constitutional rights.
 {¶ 14} As to the specific right of compulsory process, the trial court advised the appellant as follows: "You have a right to subpoena and call witnesses to testify for you should you so desire. Do you understand that?"[12] Parks responded that he understood. Parks contends because the trial court stated "subpoena" instead of "compulsory process" as set forth in Crim.R. 11(C) he was insufficiently advised of this right.
 {¶ 15} As noted previously, the right to compulsory process is constitutionally protected.[13] Thus, the trial court's explanation of the right to compulsory process is reviewed for strict compliance. Parks relies on this court's decisions inState v. Cummings[14] and State v. Rosenberg,[15]
in support of his argument the trial court must specifically inform the defendant he has a right to "compulsory process." However, those cases are distinguishable.
 {¶ 16} In Cummings, the trial court informed the defendant he had a right to "call witnesses." We held this was insufficient because this implied that the defendant could present only witnesses he was able to secure through his own efforts. Likewise, in Rosenberg, we held the trial court's advisement that the defendant "has a right to bring in witnesses to this courtroom to testify for your defense" was insufficient to apprise a defendant of his right to compulsory process.
 {¶ 17} In the instant case, however, the trial court stated that Parks had a right to "subpoena and call witnesses." This court has held that the use of the word "subpoena" adequately informs the defendant of his right to compulsory process.[16] Therefore, we conclude the trial court, by stating Parks had a right to subpoena witnesses, clearly informed Parks at the time of his plea of his right to compulsory process. Moreover, it does not appear Parks was confused by the terminology, because he stated on the record he understood when the trial court explained he had a right to subpoena and call witnesses.
 {¶ 18} Under these circumstances, we find that the trial court strictly complied with the requirements of Crim.R. 11(C) in accepting Parks' waiver of his constitutional rights. Accordingly, Parks' first and second assigned errors are overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, J., and Karpinski, J., concur.
[1] See State v. Higgs (1997), 123 Ohio App.3d 400, 402;State v. Gibson (1986), 34 Ohio App.3d 146, 147.
[2] See State v. Stewart (1977), 51 Ohio St.2d 86, 88-89;State v. Ballard (1981), 66 Ohio St.2d 473, paragraph one of the syllabus.
[3] State v. Ballard, supra.
[4] Stewart, supra, at 93; State v. Nero (1990),56 Ohio St.3d 106.
[5] Id.
[6] Tr. at 8-10.
[7] Tr. at 11.
[8] Ballard, supra, at 479.
[9] Id.
[10] Id. at 480.
[11] Id.
[12] Tr. at 8.
[13] State v. Nero, supra; State v. Denis (1997),117 Ohio App.3d 442.
[14] Cuyahoga App. No. 83759, 2004-Ohio-4470.
[15] Cuyahoga App. No. 84457, 2005-Ohio-101.
[16] State v. Senich, Cuyahoga App. No. 82581, 2003-Ohio-5082; State v. Gurley (June 5, 1997), Cuyahoga App. No. 70586; State v. Huff (May 8, 1997), Cuyahoga App. No. 70996.