DECISION AND JUDGMENT ENTRY
{¶ 1} Defendant-appellant, Carlos Ballard, appeals his convictions and sentences in the Lucas County Court of Common Pleas on (1) two counts of possession of Crack cocaine, a violation of R.C. 2925.11(A) and (C)(4)(b), felonies of the fourth degree; (2) one count of trafficking in cocaine, a violation of R.C. 2925.03(A)(2) and (C)(4)(c), a felony of the fourth degree; and (3) one count of failure to appear, a violation of R.C. 2937.29 and 2937.99(A) and (B), a felony of the fourth degree.
 {¶ 2} As stated infra, this appeal involves three separate criminal convictions, hereinafter denominated as CR-03-2141, CR-03-3320, and CR-03-3586. In all three cases, appellant eventually withdrew his pleas of "not guilty" and entered pleas of "no contest." After holding a change of plea hearing, the common pleas court found appellant guilty of the offenses set forth above. In CR-03-2141, the trial court imposed a sentence of 17 months in prison for the conviction on one count of trafficking in crack cocaine and 11 months in prison for the conviction on one count of possession of crack cocaine. These sentences were ordered to be served concurrent to each other but consecutive to the sentences imposed in CR-03-3320 and CR-03-3586. In CR-03-3320, the court imposed a sentence of 12 months in prison for appellant's conviction on one count of failure to appear, to be served consecutive to the sentences imposed in CR-033-586 and CR-03-2141. Finally, in CR-03-3586, appellant was sentenced to a term of 17 months for his conviction on one count of possession of crack cocaine, to be served consecutively to the sentences imposed in CR-03-3320 and CR-03-2141. The total term of imprisonment is 46 months.
 {¶ 3} Appellant asserts that the following errors occurred in the proceedings below:
 {¶ 4} "1. The trial court abused its discretion in sentencing Mr. Ballard to nonminimum and consecutive prison terms."
 {¶ 5} "2. The trial court failed to strictly comply with Crim.R. 11 [sic] thus invalidating Mr. Ballard's plea."
 {¶ 6} Because of the effect that appellant's second assignment of error may have upon the disposition of this case, we shall address his assignments in reverse order.
 {¶ 7} In his second assignment of error, appellant contends that the trial court failed to strictly comply with Crim.R. 11(C)(2)(c) because the language that the court employed to inform appellant that he was waiving his constitutional right to compel witnesses to testify on his behalf was insufficient.
 {¶ 8} When a defendant pleads no contest, thereby waiving his right to a jury trial, Crim.R. 11(C)(2)(c) "* * * requires an oral dialogue between the trial court and the defendant which enables the court to determine fully the defendant's understanding of the consequences of his plea of * * * no contest." State v. Caudill (1976), 48 Ohio St.2d 342, paragraph two of the syllabus. Crim.R. 11(C) provides:
 {¶ 9} "(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept such plea without first addressing the defendant personally and doing all of the following:
 {¶ 10} "* * *
 {¶ 11} "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in thedefendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself." (Emphasis added.)
 {¶ 12} A trial court must strictly comply with the constitutional requirements referenced in Crim.R. 11(C)(2)(c).State v. Ballard (1981), 66 Ohio St.2d 473, paragraph one of the syllabus; State v. Colbert (1991), 71 Ohio App.3d 734, 737. Although strict compliance is necessary, a trial court is not required to use the exact language contained in Crim.R. 11(C)(2)(c). The trial court must explain the constitutional rights that a defendant waives by pleading guilty or no contest in a manner reasonably intelligible to the defendant. State v.Anderson (1995), 108 Ohio App.3d 5, 11; State v. Thomas, 10th Dist. No. 04AP-866; 2005-Ohio-2389, at ¶ 7.
 {¶ 13} During the Crim.R. 11 colloquy in the present case, the trial court, in describing those constitutional rights that appellant was waiving, stated: "[Y]ou can call witnesses on your own behalf." The Eighth District Court of Appeals determined that this language is insufficient to inform a defendant of the fact that he is waiving his constitutional right to compulsory process of witnesses. See State v. Cummings, 8th Dist. No. 83759,2004-Ohio-4470, at ¶ 5 and ¶ 6, dismissed as improvidently allowed, State v. Cummings, 107 Ohio St.3d 1206,2005-Ohio-6506.[1] See, also, State v. Rosenberg, 8th Dist. No. 84457, 2005-Ohio-101, at ¶ 14 (Citations omitted.). Thus, in the Eighth Appellate District, the standard of strict compliance requires a trial judge to use such terms as "summoned," "subpoenaed," "forced," and "required" when informing a defendant that he is waiving his right to a compulsory process to call witnesses on his behalf. Rosenberg at ¶ 14; Cummings,
at ¶ 6.
 {¶ 14} Nonetheless, the Second District Court of Appeals holds that "[a] written acknowledgment of a guilty plea and a waiver of trial rights executed by an accused can, in some circumstances, reconcile ambiguities in the oral colloquy that Crim.R. 11(C) prescribes." State v. Dixon, 2d No. 01CA17, 2001-Ohio-7075. See, also, State v. Green, 7th Dist. No. 02CA217, 2004-Ohio-6371, at ¶ 15. However, the appellate court in both of the foregoing cases recognized that when a defendant's constitutional right, or rights, are entirely omitted from the Crim. R. 11(C)(2)(c) colloquy, a written plea form, by itself, cannot suffice as a valid waiver of those rights. Green, at ¶ 15; Dixon, supra. We decline to adopt the rigid standard set forth by the Eighth District Court of Appeals. Rather, we favor the standard adopted by the Second and the Seventh Appellate Districts.
 {¶ 15} Here, the record contains three separate plea forms that contain a written waiver of appellant's constitutional rights. Each form reads, in pertinent part: "I understand by entering this plea I give up my rights to a jury trial or court trial, where I could see and have my attorney question witnesses against me, and where I could use the power of the court to call witnesses to testify for me." The forms are signed by appellant and his attorney, the prosecutor, and the trial court judge. We are satisfied that the phrase, "use the power of the court" when combined with the oral statement that appellant was relinquishing his right to call witnesses on his behalf reconciles an ambiguity, if any, in the Crim.R. 11(C)(2) colloquy. Accordingly, we find that the trial court properly informed appellant of the fact that he was waiving his constitutional right to compel witnesses to testify on his behalf, and appellant's second assignment of error is found not well-taken.
 {¶ 16} In his first assignment of error, appellant argues that the trial court abused its discretion in imposing nonminimum and consecutive sentences. Because appellant failed to file a motion for leave to appeal his consecutive sentences pursuant to R.C. 2953.08(C), appellee, the state of Ohio, maintains that this court lacks the jurisdiction to challenge the imposition of those sentences. We disagree.
 {¶ 17} R.C. 2953.08(C) and App.R. 5(D) allow the discretionary appeal of consecutive sentences if the total term of incarceration exceeds the maximum term allowed for the most serious offense of which the defendant was convicted. As appellant's total term of incarceration was 46 months, and the maximum term allowed for a fourth degree felony is 18 months, appellant could appeal his sentence under R.C. 2953.08(C). However, prior to the amendment of the Appellate Rules of Procedure, the failure to file the motion for leave to file an appeal under R.C. 2953.08(C) and App.R. 5(D)(1) deprived a court of the jurisdiction to consider such an appeal. See, e.g., Statev. Hanson, 6th Dist. No. L-01-1217, 2002-Ohio-603, reconsideration granted on other grounds, State v. Hanson, 6th Dist. No. L-01-1217, 2002-Ohio-1522.
 {¶ 18} Nevertheless, the amended version of App.R. 5(D)(2) states:
 {¶ 19} "When a criminal has filed a notice of appeal pursuant to App.R. 4, the defendant may elect to incorporate in defendant's initial appellate brief an assignment of error pursuant to R.C. 2953.08(C), and the assignment of error shall be deemed to constitute a timely motion for leave to appeal pursuant to R.C. 2953.08(C)."
 {¶ 20} As applicable to the present case, appellant not only appealed pursuant to R.C. 2953.08(C), but also appealed, as of right, under App.R. 4, the imposition of nonminimum sentences and the trial court's purported failure to properly address the waiver of appellant's constitutional rights during his change of plea hearing. Thus, his assignment of error is deemed a timely motion for leave to appeal under R.C. 2953.08(C).
 {¶ 21} Moreover, the Second District Court of Appeals decided that the prior leave requirement of R.C. 2953.08(C) is, by means of App.R. 5(D)(2), merged with the error assigned. State v.Furrow, 2d Dist. No. 03CA19, 2004-Ohio-5272, at ¶ 8. Because the statute and rule conflict, the Furrow court further found that the statute is void and of no effect. Id., citing Section 5(B), Article IV, Ohio Constitution. See, also, State v. Milbrandt,
2d Dist. No. 03CA40, 2004-Ohio-5798, at ¶ 5.
 {¶ 22} For the foregoing reasons, we shall consider appellant's first assignment of error, and, in doing so, must remand this cause for resentencing.
 {¶ 23} The disposition of that portion of appellant's first assignment related to the imposition of consecutive sentences of error is controlled by the Supreme Court of Ohio's decision inState v. Foster, ___ Ohio St.3d ___, 2006-Ohio-856, at paragraph three of the syllabus, wherein the court held that R.C.2929.14(E)(4) and 2929.41(A), violate the Sixth Amendment to the United States Constitution, pursuant to Blakely v. Washington
(2004), 542 U.S. 296, and Apprendi v. New Jersey (2000),530 U.S. 466. The disposition of that portion of appellant's first assignment of error related to the imposition of nonminimum sentences on an offender who has never served a prison term is controlled by the Supreme Court of Ohio's decision in State v.Foster, ___ Ohio St.3d ___, 2006-Ohio-856, at ¶ 97 and 100, wherein the court found R.C. 2929.14(B) and (B)(2) unconstitutional. See, also, State v. Mathis,
___ Ohio St.3d ___ 2006-Ohio-855, paragraph three of the syllabus. Having relied on unconstitutional statutes when sentencing appellant, we find that the trial court's sentences are void and must be vacated. Foster at ¶ 103 and ¶ 104. Appellant's first assignment of error is therefore found well-taken.
 {¶ 24} The judgment of the Lucas County Court of Common Pleas is affirmed, in part, and reversed, in part, and this cause is remanded to that court for the sole purpose of re-sentencing Carlos Ballard. Appellant and appellee are ordered to pay, in equal shares, the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
Judgment Affirmed, In Part and Reversed, In Part.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, J. Dennis M. Parish, J. Mark L.Pietrykowski, J. concur.
[1] Justice Lundberg Stratton wrote a dissent to the dismissal in which she stated that the Eighth District Court of Appeals was placing "form over substance." Cummings, at ¶ 15. The justice further found that it made "no sense to rigidly adhere to the literal words of the rule when ordinary language conveys the same message without the use of legal jargon." Id. In reaching this conclusion Justice Lundberg Stratton noted that "call" is defined as to "summon" and that the phrases "compulsory process," "subpoena," and "compel witnesses" have legal significance that a defendant may not understand. Id. at ¶ 14.