JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Larry Wiley ("Wiley"), appeals the common pleas court's acceptance of his guilty plea to a charge of domestic violence. Finding merit to the appeal, we vacate his guilty plea and remand for further proceedings.
 {¶ 2} In July 2007, Wiley was charged with one count of domestic violence. The count carried two furthermore specifications alleging that he had two prior domestic violence convictions.[1] In November 2007, Wiley pled guilty to an amended indictment dismissing one of the furthermore specifications, which made his case a fourth degree felony. Wiley was then sentenced to an agreed prison term of 18 months. *Page 3 
 {¶ 3} Wiley now appeals, raising one assignment of error in which he argues that he was deprived of his constitutional rights when the court accepted his guilty plea without fully informing him of the consequences of his guilty plea.[2] He claims that his plea was not knowingly made because the court did not inform him of his right to cross-examine or confront the State's witnesses and his right to subpoena or compel witnesses to testify on his own behalf. We agree.
 {¶ 4} Before accepting a guilty plea under Crim. R. 11(C)(2), the trial court must address the defendant personally and do all of the following:
"(a) determin[e] that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
(b) Inform the defendant of and determining that the defendant understands the effect of the plea of guilty * * *, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
(c) Inform the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself." *Page 4 
 {¶ 5} We note that the duties of the trial court under Crim. R. 11 have been distinguished as constitutional and nonconstitutional rights. SeeState v. Parks, Cuyahoga App. No. 86312, 2006-Ohio-1352, citingState v. Higgs (1997), 123 Ohio App.3d 400, 402, 704 N.E.2d 308;State v. Gibson (1986), 34 Ohio App.3d 146, 147, 517 N.E.2d 990.
 {¶ 6} To comply with the constitutional requirements of Crim. R. 11, the court must explain to the defendant that he is waiving: (1) theFifth Amendment privilege against self-incrimination, (2) the right to a trial by jury, (3) the right to confront one's accusers, (4) the right to compulsory process of witnesses, and (5) the right to be proven guilty beyond a reasonable doubt. State v. Nero (1990),56 Ohio St.3d 106, 107-108, 564 N.E.2d 474, citing Boykin v. Alabama (1969),395 U.S. 238, 242-243, 89 S.Ct. 1709, 23 L.Ed. 2d 274. Failure to strictly comply with these constitutional requirements invalidates a guilty plea. SeeHiggs; State v. Stewart (1977), 51 Ohio St.2d 86, 88-89,364 N.E.2d 1163; State v. Ballard (1981), 66 Ohio St.2d 473, 423 N.E.2d 115, paragraph one of the syllabus. "Strict compliance" does not require a rote recitation of the exact language of the rule. Rather, we focus on whether the "record shows that the judge explained these rights in a manner reasonably intelligible to the defendant." Ballard, at paragraph two of the syllabus. *Page 5 
 {¶ 7} Under the broader standard for the nonconstitutional rights (Crim. R. 11(C)(2)(a) and (b)), reviewing courts consider whether the trial court substantially complied with the rule. Stewart; Nero.
"Substantial compliance" means that under the totality of the circumstances the defendant subjectively understood the implications of his plea and the nature of the rights he was waiving. Id.
 {¶ 8} In the instant case, a review of the record reveals that the trial court informed Wiley of his right to counsel, to a jury trial, and to require the State to prove his guilt beyond a reasonable doubt, at a trial at which he could not be compelled to testify against himself.[3] The court also determined that he had not been induced, forced, or threatened to plead guilty. However, the court failed to inform Wiley of his constitutional rights to confront witnesses against him and to have compulsory process for obtaining witnesses in his favor.
 {¶ 9} As we stated in State v. Cummings, Cuyahoga App. No. 83759,2004-Ohio-4470, "[a]lthough a trial court need not specifically tell a defendant that he has the right to `compulsory process,' it must nonetheless `inform a defendant that it has the power to force, compel, subpoena, or otherwise cause a witness to appear and testify on the defendant's behalf,'" quoting State v. Wilson, Cuyahoga *Page 6 
App. No. 82770, 2004-Ohio-499, at ¶ 16, appeal not allowed,102 Ohio St.3d 1484, 2004-Ohio-3069, 810 N.E.2d 968. See, also, State v.Senich, Cuyahoga App. No. 82581, 2003-Ohio-5082, appeal not allowed,101 Ohio St.3d 1468, 2004-Ohio-819, 804 N.E.2d 41. *Page 7 
 {¶ 10} Because the trial court in the instant case failed to strictly comply with this constitutional requirement, we vacate the guilty plea and remand this case for further proceedings. See Nero. See, also,Sixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution.
 {¶ 11} Therefore, the sole assignment of error is sustained.[4]
 {¶ 12} Accordingly, judgment is reversed, the guilty plea is vacated, and the case is remanded for further proceedings consistent with this opinion.
It is ordered that appellant recover of said appellee costs herein taxed. The Court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, PRESIDING JUDGE
MARY EILEEN KILBANE, J., and MARY J. BOYLE, J., CONCUR
[1] Because of his prior convictions, Wiley was initially charged with a third degree felony.
[2] Wiley's pro se supplemental assignment of error is moot in light of our disposition of his counsel's assignment of error.
[3] The State maintains in its brief that although the trial court did "not specifically advis[e] the appellant of his right to confront or subpoena witnesses, the trial court ensured that [Wiley] knew and understood his rights."
[4] Wiley's pro se supplemental assignment of error alleging the unconstitutional enhancement to the indictment by the use of the furthermore specifications is moot in light of our vacating his plea. *Page 1