[Cite as *State v. Adams*, 2011-Ohio-2662.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 95439

---

## STATE OF OHIO

### PLAINTIFF-APPELLEE

### vs.

## LOWELL ADAMS

### DEFENDANT-APPELLANT

---

## JUDGMENT:
## AFFIRMED IN PART, REVERSED
## AND REMANDED IN PART

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-529961

**BEFORE:** E. Gallagher, J., Sweeney, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:**     June 2, 2011

**ATTORNEY FOR APPELLANT**

Terrence K. Scott
Assistant State Public Defender
250 East Broad Street
Suite 1400
Columbus, Ohio   43215-2998

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
BY:    Mary McGrath
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio   44113

EILEEN A. GALLAGHER, J.:

{¶ 1} Lowell Adams ("Appellant"), appeals his convictions from the Cuyahoga County Court of Common Pleas.  Appellant argues that the trial court erred by not informing him that his failure to pay court costs may result in court ordered community service, that his trial counsel provided ineffective assistance for failing to object to this omission, and that his guilty

plea was not knowing, voluntary and intelligent because the court inadequately informed him of his right to compulsory process. For the following reasons we affirm, in part, and reverse, in part.

{¶ 2} Appellant was indicted on October 20, 2009. Appellant's five count indictment included charges of kidnapping (Count 1), rape (Count 2), felonious assault (Count 3), domestic violence (Count 4), and endangering children (Count 5). Appellant initially pled not guilty to the indictment. On May 26, 2010, pursuant to a plea agreement between the State and appellant, the State moved to amend count 2 (rape) to gross sexual imposition pursuant to R.C. 2907.05(A)(4) and count 3 (felonious assault) to child endangering pursuant to R.C. 2919.22(B)(2). Under the plea agreement, appellant would plead guilty to the two amended counts and all other remaining counts would be dismissed. Appellant entered a guilty plea pursuant to this agreement and was sentenced on June 28, 2010 to consecutive terms of five years on Count 2 and two years on Count 3. Appellant was advised of a mandatory five year period of postrelease control. Finally, the trial court ordered appellant to pay court costs. Appellant subsequently appealed raising the three assignments of error contained in the appendix of this opinion.

{¶ 3} In his first assignment of error, appellant argues that the trial

court committed plain error when it failed to notify him that his failure to pay court costs could result in his being ordered to perform community service. R.C. 2947.23(A)(1) requires that at the time the trial court imposes sentence, the court "shall" notify the defendant that if he fails to pay, or make timely payments against, the judgment of court costs rendered against him, the court "may order the defendant to perform community service * * *." The trial court did not provide this required notification to appellant. We recently held in *State v. Cardamone*, Cuyahoga App. No. 94405, 2011-Ohio-818, that the appropriate remedy where a trial court fails to provide the notice required pursuant to R.C. 2947.23(A)(1), is for the portion of the trial court's entry relative to court costs to be vacated and the case remanded to the trial court for resentencing as to the issue of court costs. Thus, appellant's first assignment of error is sustained.

{¶ 4} In his second assignment of error, appellant argues that his trial counsel provided ineffective assistance by failing to object when the trial court imposed costs without notifiying him that the failure to pay such costs could result in the court ordering him to perform community service. In light of our ruling on appellant's first assignment of error, we find that appellant's second assignment of error is moot and is hereby disregarded pursuant to App.R. 12(A)(1)(c). *State v. Burns*, Gallia App. Nos. 08CA1,

08CA2, 08CA3, 2009-Ohio-878, at ¶13.

{¶ 5} Appellant argues in his third assignment of error that his guilty plea must be vacated due to the fact that it was not knowing, voluntary, and intelligent because the trial court failed to correctly explain his right to compulsory process and failed to apprise him of the maximum sentence he faced.

{¶ 6} The standard for reviewing whether the trial court accepted a plea in compliance with Crim.R. 11(C) is a de novo standard of review. *State v. Cardwell*, 8th Dist. No. 92796, 2009-Ohio-6827, ¶26, citing *State v. Stewart* (1977), 51 Ohio St.2d 86, 364 N.E.2d 1163. "It requires an appellate court to review the totality of the circumstances and determine whether the plea hearing was in compliance with Crim.R. 11(C)." Id.

{¶ 7} Crim.R. 11(C) sets forth a trial court's duties in accepting guilty pleas and states as follows:

{¶ 8} "(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:

{¶ 9} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the

maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

{¶ 10} "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

{¶ 11} "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."

{¶ 12} The trial court must strictly comply with its duties of notifying the defendant of his constitutional rights and must strictly comply with those provisions of Crim.R. 11(C) that relate to the waiver of constitutional rights. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, syllabus; *State v. Ballard* (1981), 66 Ohio St.2d 473, 423 N.E.2d 115, at paragraph one of the syllabus. "Strict compliance" does not require an exact recitation of the precise language of the rule but instead focuses on whether

the trial court explained or referred to the right in a manner reasonably intelligible to that defendant. *Ballard*, at paragraph two of the syllabus.

{¶ 13} With regard to notification of the constitutional right of compulsory process, we have previously stated that, "[a]lthough a trial court need not specifically tell a defendant that he has the right to 'compulsory process,' it must nonetheless 'inform a defendant that it has the power to force, compel, subpoena, or otherwise cause a witness to appear and testify on the defendant's behalf.'" *State v. Cummings*, Cuyahoga App. No. 83759, 2004-Ohio-4470, quoting *State v. Wilson*, Cuyahoga App. No. 82770, 2004-Ohio-499, at ¶16, appeal not allowed, 102 Ohio St.3d 1484, 2004-Ohio-3069, 810 N.E.2d 968.

{¶ 14} Prior to accepting appellant's guilty plea in this case, the trial court informed appellant, "Sir, if you had a trial, counsel would be with you. He'd have a right to ask questions and challenge the case against you. *You have a right to call witnesses. You could subpoena them for trial. * * *"* (Emphasis added.) (Tr. 27.)

{¶ 15} We have previously held that the use of the word "subpoena" adequately informs the defendant of his right to compulsory process. *State v. Parks*, Cuyahoga App. No. 86312, 2006-Ohio-1352, appeal not allowed by 110 Ohio St.3d 1443, 2006-Ohio-3862, 852 N.E.2d 190; *State v. Senich*,

Cuyahoga App. No. 82581, 2003-Ohio-5082; *State v. Gurley* (June 5, 1997), Cuyahoga App. No. 70586. In *State v. Moulton*, Cuyahoga App. No. 93726, 2010-Ohio-4484, we held that the trial court's statement that the defendant had a right to "subpoena and call witnesses" clearly informed her at the time of her plea of her right to compulsory process. Id. at ¶12.

{¶ 16} In the present case, we find the trial court's statements that, "[y]ou have a right to call witnesses. You could subpoena them for trial" adequately informed appellant at the time of his plea of his right to compulsory process. We find that the trial court strictly complied with the requirements of Crim.R. 11(C) in accepting appellant's waiver of his right to compulsory process.

{¶ 17} Finally, appellant argues that the trial court failed to inform him of maximum potential penalty for his offenses because it failed to inform him that in the event that he fails to pay court costs, he may be ordered to perform community service.

{¶ 18} The trial court's duty to inform the defendant of the maximum potential penalty for each offense is a nonconstitutional requirement of Crim.R. 11(C)(2)(a). *State v. Scott*, Cuyahoga App. Nos. 84381, 84382, 84383, 84384, 84389, 2005-Ohio-3690, citing *State v. Griggs*, 103 Ohio St.3d 85, 87, 2004-Ohio-4415, 814 N.E.2d 51.

{¶ 19} With respect to the nonconstitutional requirements of Crim.R. 11, as set forth in Crim.R. 11(C)(2)(a) and (b), reviewing courts shall consider whether there was substantial compliance with the rule. *Veney,* at ¶14-17. Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving. Id., citing *State v. Nero* (1990), 56 Ohio St.3d 106, 108, 564 N.E.2d 474.

{¶ 20} Furthermore, a defendant must show prejudice before a plea will be vacated for a trial court's error involving Crim.R. 11(C) procedure when nonconstitutional aspects of the colloquy are at issue. *Veney*. The test for prejudice is whether the plea would have otherwise been made. Id.; see, also, *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462.

{¶ 21} Though appellant presents this argument only in passing and provides no legal support for his position, we note that the Ohio Supreme Court has stated that, "[A]lthough costs in criminal cases are assessed at sentencing and are included in the sentencing entry, costs are not punishment, but are more akin to a civil judgment for money." *State v. Joseph*, 125 Ohio St.3d 76, 79, 2010-Ohio-954, 926 N.E.2d 278, 281, quoting *State v. Threatt*, 108 Ohio St.3d 277, 2006-Ohio-905, 843 N.E.2d 164, ¶15.

{¶ 22} In *State v. McDaniel*, Vinton App. No. 09CA677, 2010-Ohio-5215,

¶ 20-21, the Fourth District Court of Appeals, citing *Joseph* and *Threatt*, held that "[c]ourt costs are not punishment and therefore are not part of the 'penalty' that the trial court needs to describe under Crim.R. 11(C)(2)(a)." The Twelfth District Court of Appeals reached the same conclusion in *State v. Smith*, Warren App. No. CA2010-06-057, 2011-Ohio-1188.

{¶ 23} We agree with the reasoning of the Fourth and Twelfth Districts and hold that court costs are not punishment, and thus are not part of the "maximum penalty involved" for purposes of Crim.R. 11(C)(2)(a). Therefore, the trial court did not need to inform appellant that his failure to pay court costs could potentially subject him to community service in order to inform him of the "maximum penalty involved," as required by Crim.R. 11(C)(2)(a). Appellant's third assignment of error is overruled.

{¶ 24} The judgment of the trial court is affirmed in part and reversed and remanded in part. On remand, a hearing shall be held for only the proper notification of the penalty for a failure to pay court costs.

It is ordered that appellant recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the

Rules of Appellate Procedure.

---

EILEEN A. GALLAGHER, JUDGE

JAMES J. SWEENEY, P.J., and
KATHLEEN A. KEOUGH, J., CONCUR

Appendix

*Assignment of Error No. 1*:
> "The trial court committed plain error by imposing court costs without notifying Mr. Adams that his failure to pay such costs may result in the court's ordering him to perform community service."

*Assignment of Error No. 2*:
> "Trial counsel provided ineffective assistance, in violation of the Sixth and Fourteenth Amendments to the United States Constitution and Section 10, Article I of the Ohio Constitution, for failing to object to the trial court's imposition of court costs, as the trial court did not notify Mr. Adams that his failure to pay court costs may result in the court's ordering him to perform community service."

*Assignment of Error No. 3*:
> "Lowell Adams was deprived of his right to due process under the Fourteenth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution when the trial court accepted an unknowing, unintelligent, and involuntary guilty plea."