[Cite as *State v. Cox*, 2014-Ohio-388.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99847**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# RASHAWN COX

DEFENDANT-APPELLANT

## JUDGMENT:
## REVERSED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-566788

**BEFORE:** S. Gallagher, J., Jones, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:** February 6, 2014

**ATTORNEY FOR APPELLANT**

Rick L. Ferrara
2077 East 4th Street
Second Floor
Cleveland, Ohio   44114


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Kristen L. Sobieski
T. Allan Regas
Assistant Prosecuting Attorneys
Justice Center - 9th Floor
1200 Ontario Street
Cleveland, Ohio   44113

SEAN C. GALLAGHER, J.:

**{¶1}** Defendant Rashawn Cox appeals his conviction entered after a guilty plea. For the following reasons, we vacate Cox's guilty plea, and reverse and remand for further proceedings.

**{¶2}** Cox pleaded guilty to several drug trafficking and attendant charges. During the plea colloquy, the trial court inadvertently omitted the notification of Cox's right to compel witnesses to testify at trial. The trial court informed Cox of his right to confront and cross-examine witnesses and to call witnesses to testify in his favor, but omitted any reference that could be taken to inform the defendant of his right to compel a witness's attendance to testify. In his single assignment of error, Cox contends that his plea was not knowingly, intelligently, or voluntarily entered because the trial court failed to strictly comply with the constitutional requirement of informing him of his right to compel a witness to testify before accepting the guilty plea. The state concedes this error.

**{¶3}** "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily." *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996). The standard of review for determining whether a plea was knowing, intelligent, and voluntary within the meaning of Crim.R. 11 for constitutional issues is strict compliance. *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990), citing *State v. Stewart*, 51 Ohio St.2d 86, 92-93, 364 N.E.2d 1163 (1977). Further, although a trial court need not specifically tell a defendant that he has the right to compulsory process, the court must otherwise notify the defendant that he has the power

to force, compel, subpoena, or otherwise cause a witness to appear and testify. *State v. Cummings*, 8th Dist. Cuyahoga No. 83759, 2004-Ohio-4470, ¶ 6, citing *State v. Wilson*, 8th Dist. Cuyahoga No. 82770, 2004-Ohio-499, ¶ 16.

{¶4} Our review of the record confirms the trial court omitted the compulsory process notification from the change of plea colloquy. Because the trial court failed to strictly comply with this constitutional requirement, we must vacate Cox's guilty plea and remand this case for further proceedings, even though the trial court otherwise explained the defendant's right to have witnesses appear on his behalf. *State v. Smith*, 8th Dist. Cuyahoga No. 92320, 2009-Ohio-5692, ¶ 35 (a trial court's notification of the defendant's right to have witnesses testify on his behalf does not satisfy the compulsory process notification); *compare State v. Parks*, 8th Dist. Cuyahoga No. 86312, 2006-Ohio-1352, ¶ 16-17 (the trial court's notification of the defendant's right to subpoena and call witnesses satisfied the requirement to notify the defendant of his right to compulsory process). Accordingly, we vacate Cox's plea and remand the case for further proceedings. Cox's sole assignment of error is sustained.

{¶5} Reversed and remanded.

This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

LARRY A. JONES, SR., P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR