JOURNAL ENTRY AND OPINION
{¶ 1} Defendant Paul Senich appeals from his guilty plea to one count of passing a bad check in violation of R.C. 2913.11[1]. For the reasons set forth below, we reverse and remand for further proceedings consistent with this opinion.
 {¶ 2} On October 26, 2001, defendant was indicted for one count of theft and one count of passing a bad check, in connection with a check in the amount of $1,800 payable to Bob Arndt. On November 4, 2002, defendant entered a guilty plea to the charge of passing a bad check and the theft charge was dismissed. The proceedings held in connection with the guilty plea are, in relevant part, as follows:
 {¶ 3} "THE COURT: Are you under the influence of alcohol, medication, illegal drugs or anything that would affect your ability to understand me?
 {¶ 4} "MR. SENICH: Just prescription drugs.
 {¶ 5} "THE COURT: That doesn't affect your ability to understand me, does it?
 {¶ 6} "MR. SENICH: Not really, no.
 {¶ 7} "THE COURT: Do you understand that you have certain rights afforded to you by the United States Constitution[?] By entering a guilty plea, you'll be giving up some of your constitutional rights. Do you understand that?
 {¶ 8} "MR. SENICH: Yes, ma'am.
 {¶ 9} "THE COURT: The rights that you will be giving up are as follows: Do you understand that you have the right to have these cases tried either before a jury, or you could give up the jury right and choose to try your cases to me?
 {¶ 10} "MR. SENICH: Yes, ma'am.
 {¶ 11} "THE COURT: Do you understand that at a trial you have the right to be represented by Ms. Webb?
 {¶ 12} "MR. SENICH: Yes, ma'am.
 {¶ 13} "THE COURT: Do you understand that you have the right to have Ms. Webb ask questions of any witnesses who would testify against you at trial?
 {¶ 14} "MR. SENICH: Yes, ma'am.
 "THE COURT: Do you understand that you have the right to bring in witnesses to this courtroom to testify for your defense?" (Tr. 5-7).
 {¶ 15} The trial court then outlined the possible penalties and defendant plead guilty to the count of passing a bad check. The court then referred the matter to the probation department. On November 26, 2002, defendant filed a motion to withdraw his guilty plea. The trial court denied the motion following a hearing. Defendant now challenges the plea proceedings and the trial court's denial of his motion to vacate the plea. Defendant's first assignment of error states:
 {¶ 16} "The trial court failed to strictly comply with Crim.R. 11(C)."
 {¶ 17} Within this assignment of error, defendant asserts that his guilty plea was not knowingly, voluntarily and intelligently entered due to medication which he had taken prior to the plea hearing. He further asserts that the plea was defective because he was not adequately advised of his constitutional right to compulsory process. Finally, defendant complains that the trial court did not explain that it could proceed to judgment and sentence upon acceptance of the plea.
 {¶ 18} The standard for reviewing whether or not the trial court accepted a plea in compliance with Crim.R. 11(C) is a de novo standard of review. State v. Jones, Cuyahoga App. No. 79811, 2002-Ohio-1271. Statev. Sample, Cuyahoga App. No. 81357, 2003-Ohio-2756.
 {¶ 19} Guilty pleas are governed by Crim.R. 11(C)(2) which provides:
 {¶ 20} "(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 {¶ 21} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 {¶ 22} "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 {¶ 23} "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."
 A. Use of Medication {¶ 24} The underlying purpose of Crim.R. 11(C) is to convey certain information to the defendant in order to allow him or her to make a voluntary and intelligent decision regarding whether or not to plead guilty. State v. Ballard (1981), 66 Ohio St.2d 473, 479-480,423 N.E.2d 115. When a defendant enters a guilty plea in a criminal case, the plea must be made "knowingly, intelligently, and voluntarily."State v. Engle (1996), 74 Ohio St.3d 525, 527, 1996-Ohio-179,660 N.E.2d 450. A defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect. State v. Nero (1990), 56 Ohio St.3d 106,564 N.E.2d 474. The test is whether the plea would have otherwise been made. Id.
 {¶ 25} The mere fact that the defendant was on medication is not an indication that his or her plea was not knowing and voluntary. Statev. Roberson (Jan. 19, 1995), Cuyahoga App. No. 66523; State v. Bowen
(Dec. 12, 1996), Cuyahoga App. Nos. 70054, 70055; State v. Bembrey (Sept. 19, 1991), Cuyahoga App. No. 59155.
 {¶ 26} In this matter, the record demonstrates that the trial court engaged in a meaningful colloquy with the defendant. The trial court also specifically inquired as to whether defendant had taken any medication and he responded that he had taken prescription drugs. The court questioned whether the medication impaired defendant's ability to understand the proceedings and he indicated that it did not. Thus, there is no indication that the prescription medication interfered with defendant's ability to make a knowing, intelligent and voluntary plea. Moreover, defendant has failed to demonstrate any prejudicial effect in this matter. Accordingly, we reject defendant's contention that his guilty plea was not knowingly, voluntarily and intelligently entered due to medication which he had taken prior to the plea hearing. Accord Statev. Eakin, 2002-Ohio-4713, Licking App. No. 01-CA-00087; State v. McCoy
(March 2, 1998), Clermont App. Nos. CA97-03-027, CA97-03-032.
 B. Right to Compulsory Process {¶ 27} In determining whether the trial court has satisfied its duties under Crim.R. 11 in taking a plea, reviewing courts have distinguished constitutional and non-constitutional rights. Ballard,supra; State v. Stewart (1977), 51 Ohio St.2d 86, 93, 364 N.E.2d 1163;State v. Gibson (1986), 34 Ohio App.3d 146, 147, 517 N.E.2d 990. Under the more stringent standard for constitutionally protected rights, a trial court's acceptance of a guilty plea will be affirmed only if the trial court engages in meaningful dialogue with the defendant which, in substance, explained the pertinent constitutional rights "in a manner reasonably intelligible to that defendant." Ballard, supra, at paragraph two of the syllabus. The court must explain to the defendant that he is waiving: (1) the Fifth Amendment privilege against self-incrimination, (2) the right to a trial by jury, (3) the right to confront one's accusers, (4) the right to compulsory process of witnesses, and (5) the right to be proven guilty beyond a reasonable doubt. State v. Nero
(1990), 56 Ohio St.3d 106, 564 N.E.2d 474, citing Boykin v. Alabama
(1969), 395 U.S. 238, 242-243, 23 L.Ed.2d 274, 89 S.Ct. 1709; State v.Ballard, supra. The court must strictly comply with these requirements, and the failure to strictly comply invalidates a guilty plea. State v.Higgs (1997) 123 Ohio App.3d 400, 407, 704 N.E.2d 308.
 {¶ 28} Under the broader standard for rights not protected by the constitution, reviewing courts consider whether the trial court substantially complied with the requirements of Crim.R. 11(C)(2) and whether the defendant subjectively understood the implications of his plea and the nature of the rights he or she was waiving. State v. Nero,
supra; Stewart, supra at 93.
 {¶ 29} With regard to what the trial court is required to say, theBallard Court noted that the best method of informing a defendant of his or her rights "is to use the language contained in Crim.R. 11(C)[.]" Id. at 479. However, the failure to do so is not fatal to the plea; rather, the plea will be upheld if the record shows that the trial court explained or referred to the right in a manner reasonably intelligible to that defendant. Id. at 480.
 {¶ 30} With regard to the issue of the defendant's understanding, the Ohio Supreme Court has observed that there is no easy or exact way to determine what someone subjectively understands. State v. Carter (1979),60 Ohio St.2d 34, 38, 396 N.E.2d 757. Accordingly, "if the defendant receives the proper information, then we can ordinarily assume that he understands that information. [In deciding whether the defendant had the required information], we look at all the particular facts and circumstances surrounding the case." Id. at 38.
 {¶ 31} As noted previously, the right to compulsory process is constitutionally protected. State v. Nero, supra. See, also,Sixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution; State v. Denis (1997), 117 Ohio App.3d 442,690 N.E.2d 955. Thus, the trial court's explanation of the right to compulsory process is reviewed for strict compliance, State v. Nero,
supra; State v. Higgs, supra, and a trial court may not accept a guilty plea until it informs the defendant and determines that the defendant understands that he is waiving his right "to have compulsory process for obtaining witnesses in his favor." State v. Baier (June 30, 1999), Belmont App. No. 98-BA-11. In explaining this right, the use of term "compulsory process" is sufficient. See State v. Strawther (1978),56 Ohio St.2d 298, 383 N.E.2d 900. It is also sufficient for the trial court to explain that the defendant has the right to subpoena witnesses.State v. Gurley (June 5, 1997), Cuyahoga App. No. 70586; State v. Huff
(May 8, 1997), Cuyahoga App. No. 70996; State v. Lelux (March 4, 1997), Franklin App. No. 96APA08-1018. Acceptance of a guilty plea was affirmed where the trial court informed the defendant that he had "the right to summon and call witnesses to testify for you should you so desire." SeeState v. Phillips (July 8, 1999), Cuyahoga App. Nos. 74397/74398/74399.
 {¶ 32} The explanation is insufficient, however, where the court simply advises the defendant that "your attorney would present evidence on your behalf such as a defense." State v. Tucci, 2002-Ohio-6903, Mahoning App. No. 01 CA 234.
 {¶ 33} In this instance, the trial court did not use the terms "compulsory process," or "subpoena" and did not indicate that witnesses could be compelled, summoned, or otherwise required to appear. Rather, the court merely advised defendant that he had "the right to bring in witnesses to this courtroom to testify for your defense[.]" (Tr. 7). As such, the logical import of the court's notice is that the defendant could present such witnesses as he could secure through his own efforts. Accordingly, we hold that the court did not properly inform defendant of his right of compulsory process, that the trial court did not strictly comply with its duty to apprise defendant of this constitutional right, and that the resulting guilty plea was therefore invalid.
 {¶ 34} This portion of the assignment of error is well-taken. The plea proceedings are hereby vacated and the matter is remanded for further proceedings consistent with this opinion.
 {¶ 35} Defendant's additional contention that the trial court failed to advise him that it could proceed to judgment and sentencing, and defendant's second assignment of error which he challenges the trial court's denial of his motion to vacate his guilty plea are rendered moot.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
ANNE L. KILBANE, P.J., CONCURS. TIMOTHY E. MCMONAGLE, J., CONCURSIN JUDGMENT ONLY
[1] The record reveals that the trial court accepted defendant's guilty plea in this matter in conjunction with defendant's guilty plea to telecommunication harassment in Common Pleas Case No. CR 423061. Defendant has not filed a notice of appeal in CR 423061. We are therefore without jurisdiction over that matter.