JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Phillip Day ("appellant"), appeals from his guilty pleas to robbery, felonious assault and two counts of aggravated robbery as well as the imposition of his sentence. For the reasons set forth below, we vacate his guilty plea and remand for proceedings consistent with this opinion.
 {¶ 2} On July 28, 2006, appellant entered a guilty plea to an amended count of robbery in Case No. CR-466379. In Case No. CR-466819, he also pled guilty to an amended charge of felonious assault with a three-year firearm specification and an amended charge of aggravated robbery with one-year and three-year firearm specifications. Finally, in Case No. CR-482983, appellant pled guilty to an amended charge of aggravated robbery.
 {¶ 3} Prior to accepting appellant's guilty pleas, the trial court engaged in a colloquy with appellant. The record shows that the court advised appellant, in relevant part, as follows:
 {¶ 4} "The Court: Do you understand by entering your pleas of guilty you're giving up certain Constitutional rights?
 {¶ 5} "Defendant: Yes.
 {¶ 6} "You know you will be giving up the right to trial by jury or to a Judge?
 {¶ 7} "Defendant: Yes.
 {¶ 8} "The Court: Do you know you're giving up the right to call witnesses to appear and testify? *Page 4 
 {¶ 9} "Defendant: Yes."
 {¶ 10} The trial court continued by informing appellant of other rights waived as a result of pleading guilty, explaining the offenses to which appellant was pleading guilty, and outlining the possible penalties for each offense. Thereafter, appellant pled guilty to the amended charges against him.
 {¶ 11} On August 9, 2006, the trial court sentenced appellant to a five-year prison term in Case No. CR-466379, an eleven-year prison term in Case No. CR-466819 and a four-year prison term in Case No. CR-4283983. The trial court ordered appellant's sentences in CR-466379 and CR-466379 to run consecutively to his sentence for CR-4283983, for a total of fifteen years.
 {¶ 12} Appellant now appeals and asserts three assignments of error for our review. Appellant's first assignment of error states:
 {¶ 13} "The trial court erred when it did not advise Phillip Day he was waiving certain constitutionally guaranteed trial rights by pleading guilty in violation of the Fifth, Sixth and Fourteenth Amendments to the U.S. Constitution and Article I Section 10 of the Ohio Constitution and Ohio Crim.R. 11."
 {¶ 14} Within this assignment of error, appellant argues that his guilty pleas were defective because he was not adequately advised of his constitutional right to compulsory process. Initially, we note that appellant failed to raise this issue before the trial court, and has therefore, waived all but plain error.
 {¶ 15} Pursuant to Crim.R. 52(B), plain errors or defects which affect *Page 5 
substantial rights may be grounds for reversal even though they were not brought to the attention of the trial court. Notice of plain error, however, applies only under exceptional circumstances to prevent a manifest miscarriage of justice. State v. Long (1978), 53 Ohio St.2d 91,97, 372 N.E.2d 804, paragraph three of the syllabus. Plain error does not exist unless it can be said that but for the error, the outcome would have clearly been otherwise. State v. Moreland (1990),50 Ohio St.3d 58, 62, 552 N.E.2d 894; State v. Phillips, 74 Ohio St.3d 72, 83,1995-Ohio-171, 656 N.E.2d 643.
 {¶ 16} Guilty pleas are governed by Crim.R. 11(C)(2), which provides:
 {¶ 17} "(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 {¶ 18} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 {¶ 19} "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 {¶ 20} "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining *Page 6 
witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."
 {¶ 21} In determining whether the trial court has satisfied its duties under Crim.R. 11 in taking a plea, reviewing courts have distinguished between constitutional and non-constitutional rights. State v.Ballard (1981), 66 Ohio St.2d 473, 479-480, 423 N.E.2d 115; State v.Stewart (1977), 51 Ohio St.2d 86, 93, 364 N.E.2d 1163; State v.Gibson (1986), 34 Ohio App.3d 146, 147, 517 N.E.2d 990. Constitutional rights include (1) the Fifth Amendment privilege against self-incrimination, (2) the right to trial by jury, (3) the right to confront one's accusers, and (4) the right to compulsory process.State v. Nero (1990), 56 Ohio St.3d 106, 107, 564 N.E.2d 474;Ballard, supra at 477. The court must strictly comply in informing the defendant that he is waiving these rights by pleading guilty, because failure to strictly comply invalidates the guilty plea. State v.Higgs (1997), 123 Ohio App.3d 400, 407, 704 N.E.2d 308. "Strict compliance" does not require a rote recitation of the exact language of the rule; rather, the trial court must have engaged in meaningful dialogue with the defendant which, in substance, explained the pertinent constitutional rights "in a manner reasonably intelligible to that defendant." Ballard, supra, at paragraph two of the syllabus.
 {¶ 22} As noted previously, the right to compulsory process is constitutionally protected. State v. Nero, supra; see, also,Sixth Amendment to the United States *Page 7 
Constitution and Section 10, Article I of the Ohio Constitution;State v. Denis (1997), 117 Ohio App.3d 442, 445, 690 N.E.2d 955. Hence, we review the trial court's explanation of the right to compulsory process for strict compliance. State v. Nero, supra; State v.Higgs, supra. A trial court may not accept a guilty plea until it informs the defendant and determines that the defendant understands that he is waiving his right "to have compulsory process for obtaining witnesses in his favor." State v. Baier (June 30, 1999), Belmont App. No. 98-BA-11. "Although a trial court need not specifically tell a defendant that he has the right to `compulsory process,' it must nonetheless ` inform a defendant that it has the power to force, compel, subpoena, or otherwise cause a witness to appear and testify on the defendant's behalf.'" State v. Cummings, Cuyahoga App. No. 83759,2004-Ohio-4470, dismissed as improvidently allowed State v.Cummings, 107 Ohio St.3d 1206, 2005-Ohio-6506, 839 N.E.2d 27, quotingState v. Wilson, Cuyahoga App. No. 82770, 2004-Ohio-499, appeal not allowed, 102 Ohio St.3d 1484, 2004-Ohio-3069, 810 N.E.2d 968.
 {¶ 23} In Cummings, supra, this court found the lower court's instruction regarding compulsory process insufficient where it merely advised the defendant that he has "the right to call witnesses to appear on his behalf." Id. Likewise, we have determined that a defendant is not apprised of his constitutional right to compulsory process when the lower court advises the defendant of "the right to bring witnesses to this courtroom to testify for your defense." State v. Rosenberg, Cuyahoga App. No. 84457, 2005-Ohio-101, dismissed as improvidently allowed *Page 8 107 Ohio St.3d 1209, 2005-Ohio-6510, 839 N.E.2d 29. Nor is the defendant adequately informed of his right when the trial court states he has "the right to bring in witnesses to this courtroom to testify for your defense[.]"State v. Senich, Cuyahoga App. No. 82581, 2003-Ohio-5082, appeal not allowed 101 Ohio St.3d 1468, 2004-Ohio-819, 804 N.E.2d 41. In reaching these conclusions, we have reasoned that these instructions imply that the defendant could only present witnesses he was able to procure himself and did not adequately inform the defendant of his right of compulsory process. Id.
 {¶ 24} In the instant matter, the record demonstrates that prior to accepting appellant's guilty pleas, the trial court personally addressed appellant in an effort to inform him of the constitutional rights he was waiving. In doing so, the court advised appellant in relevant part as follows:
 {¶ 25} "The Court: Do you understand by entering your pleas of guilty you're giving up certain Constitutional rights?
 {¶ 26} "Defendant: Yes.
 {¶ 27} "You know you will be giving up the right to trial by jury or to a Judge?
 {¶ 28} "Defendant: Yes.
 {¶ 29} "The Court: Do you know you're giving up the right to call witnesses to appear and testify?
 {¶ 30} "Defendant: Yes."
 {¶ 31} Reviewing this colloquy, we note that the trial court only advised appellant that he had "the right to call witnesses to appear and testify." This *Page 9 
language is nearly identical to that found insufficient inCummings, supra, Rosenberg, supra, and Senich, supra. This instruction implied that the defendant could only proffer witnesses he could obtain himself. It did not use the term "compulsory process," or instruct appellant that witnesses could be "forced," "compelled," "subpoenaed," "summoned," or "otherwise required to appear." Rosenberg, supra;Cummings, supra; State v. Wilson, supra; Senich, supra. The trial court's failure to strictly comply with the requirement of informing appellant of his constitutional right to compulsory process is a substantial error and constitutes a manifest miscarriage of justice. Therefore, appellant's guilty pleas are rendered invalid and his first assignment of error is sustained.
 {¶ 32} Having found appellant's guilty plea invalid, we find his remaining assignments of error[1] moot. Accordingly, the plea proceedings are vacated and the matter is remanded for proceedings consistent with this opinion.
It is ordered that appellant recover from appellee his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the *Page 10 
common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, P.J., and CHRISTINE T. MCMONAGLE, J., CONCUR
[1] "II. Phillip Day was denied his constitutional rights guaranteed to him under the Fifth, Sixth and Fourteenth Amendments to the U.S. Constitution and Article I, Sections 5 10 of the Ohio Constitution when the trial court impossed [sic] upon him sentences exceeding the minimum concurrent time."
"III. Phillip Day was denied effective assistance of counsel in violation of the Sixth and Fourteenth Amendments to the U.S. Constitution and Article I, Section 10 of the Ohio Constitution." *Page 1