OPINION
{¶ 1} Defendant-appellant, Richard Clark, appeals his sentence for gross sexual imposition and rape in the Mahoning County Common Pleas Court upon resentencing after this court remanded pursuant to State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. Clark was resentenced to a five-year prison term for gross sexual imposition consecutive to life imprisonment on the rape conviction.
 {¶ 2} Clark's conviction stems from a birthday party sleep-over that was held for Clark's son on November 9, 2002, in Youngstown, Ohio. Clark fondled and performed oral sex on his son's twelve-year-old friend after his son fell asleep.
 {¶ 3} Clark was later convicted of gross sexual imposition of a minor in violation of R.C. 2907.05(A)(4), a third-degree felony, and rape in violation of R.C. 2907.02(A)(1)(b)(B), a first-degree felony following a jury trial. On June 22, 2004, Clark was sentenced to a five-year prison term for gross sexual imposition consecutive to life imprisonment on the rape conviction. He was also classified as a sexual predator.
 {¶ 4} On appeal, this court affirmed his convictions and sentence.State v. Clark, 7th Dist. No. 04 MA 246, 2006-Ohio-1155, appeal not allowed by 110 Ohio St.3d 1412, 2006-Ohio-3306, 850 N.E.2d 73, and again by 112 Ohio St.3d 1494, 2007-Ohio-724, 862 N.E.2d 119.
 {¶ 5} Clark subsequently pursued additional claims through postconviction relief. On October 28, 2005, the trial court denied Clark's petition for postconviction relief. Clark appealed that decision to this court and we affirmed. State v. Clark, 7th Dist. No. 06 MA 26,2007-Ohio-2707.
 {¶ 6} Concerning Clark's direct appeal, on October 17, 2006, this court issued a journal entry allowing Clark to reopen his appeal limited to issues regarding *Page 3 
the Ohio Supreme Court's decision in State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, 845 N.E.2d 470. This court vacated Clark's sentence and remanded his case to the trial court for resentencing in accordance withFoster. State v. Clark, 7th Dist. No. 04 MA 246, 2007-Ohio-1114.
 {¶ 7} The trial court conducted a resentencing hearing on April 13, 2007. In a judgment entry of resentence filed April 18, 2007, the trial court again sentenced Clark to a five-year prison term for gross sexual imposition consecutive to life imprisonment on the rape conviction. This appeal followed. In the interim, Clark filed a petition for a writ of mandamus against the trial court judge in this court. Clark sought to have this court compel the trial court judge to allow him his right of allocution and set forth allegations of bias on the part of the trial court judge. This court granted the trial court judge's motion to dismiss and dismissed Clark's complaint, essentially stating that this present appeal (i.e., the direct appeal from the judgment entry of resentence) was the proper forum to pursue his claims. State ex rel.Clark v. Krichbaum, 7th Dist. No. 07-MA-66, 2007-Ohio-3185.
 {¶ 8} Clark raises a total of eight assignments of error. Clark's first assignment of error states:
 {¶ 9} "DEFENDANT/APPELLANT'S SENTENCE OF LIFE IN PRISON WITHOUT PAROLE IS CONTRARY TO LAW."
 {¶ 10} Clark was convicted of rape in violation of R.C.2907.02(A)(1)(b)(B). His sentence of life imprisonment entails the interplay between three different statutes. First, there is R.C.2907.02, which is the rape offense statute itself. R.C. 2907.02(B) provides in relevant part:
 {¶ 11} "Whoever violates this section is guilty of rape, a felony of the first degree. * * * [A]n offender under division (A)(1)(b) of this section shall be sentenced to a prison term or term of life imprisonment pursuant to section 2971.03 of the Revised Code. * * *"
 {¶ 12} Turning to R.C. 2971.03, which deals with sexually violent predators, it provides in relevant part: *Page 4 
 {¶ 13} "* * * [T]he court shall impose a sentence upon a person who is convicted of or pleads guilty to a violent sex offense and who also is convicted of or pleads guilty to a sexually violent predator specification that was included in the indictment, count in the indictment, or information charging that offense * * * as follows:
 {¶ 14} "* * *
 {¶ 15} "(2) * * * [I]f the offense is rape committed in violation of division (A)(1)(b) of section 2907.02 of the Revised Code when the offender purposely compelled the victim to submit by force or threat of force, * * * it shall impose upon the offender a term of lifeimprisonment without parole." (Emphasis added.)
 {¶ 16} Lastly, R.C. 2941.148(A)(1), which addresses the sexually violent predator specification, states in relevant part:
 {¶ 17} "(A)(1) The application of Chapter 2971. of the Revised Code to an offender is precluded unless one of the following applies:
 {¶ 18} "(a) The offender is charged with a violent sex offense, and the indictment, count in the indictment, or information charging the violent sex offense also includes a specification that the offender is a sexually violent predator * * *."
 {¶ 19} Thus, in order for Clark to have received a sentence of life imprisonment, certain conditions must have been met: (1) a conviction of rape under R.C. 2907.02(A)(1)(b)(B) (i.e., a violent sex offense); (2) a sexually violent predator specification was included in the indictment; as well as (3) a force specification. At his April 13, 2007 sentencing hearing and in the trial court's April 18, 2007 judgment entry of resentence, Clark points out the trial court made no reference to a sexually violent predator specification or a force specification.
 {¶ 20} Here, Clark's March 4, 2004 superseding indictment contained a sexually violent predator specification and a force specification. And he was ultimately convicted of rape in violation of R.C.2907.02(A)(1)(b)(B), following a jury trial. Contrary to Clark's argument, none of the aforementioned statutes requires the trial court to make a specific finding with regards to the specifications. Here, the jury *Page 5 
made those findings when it convicted him of the specifications contained in the indictment. Thereafter, the statutes are self-executing and the trial court was required to impose a life term of imprisonment.
 {¶ 21} Accordingly, Clark's first assignment of error is without merit.
 {¶ 22} Clark's second assignment of error states:
 {¶ 23} "THE APPLICATION OF THE OHIO SUPREME COURT RULING IN STATE V.FOSTER 109 OHIO ST.3d 1, VIOLATES DEFENDANT/APPELLANT'S RIGHT TO DUE PROCESS AND/OR TO BE SUBJECT TO CRIMINAL LAWS EX POST FACTO.
 {¶ 24} Clark argues that since his crimes were committed before the Ohio Supreme Court's decision in State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, 845 N.E.2d 470, application of the Foster decision to his resentencing violates the ex post facto clause of the United States Constitution and violates his right to due process of law.
 {¶ 25} This Court has conclusively determined in State v. Palmer, 7th Dist. No. 06-JE-20, 2007-Ohio-1572, that application of Foster does not violate the ex post facto clause or a defendant's due process of law.Palmer relied on our own precedent as well as on decisions from other Ohio appellate districts, including the Second, Third, Ninth, and Twelfth, all of which had reached similar conclusions. The reasoning is primarily two-fold. First, Ohio appellate courts are inferior in judicial authority to the Ohio Supreme Court. Therefore, they are bound by their decisions and are not in a position to declare one of their mandates as unconstitutional. Second, a criminal defendant is presumed to know that their actions are criminal if so defined by statute and the possible sentence they could face if convicted. The statutory range of punishment a criminal defendant faced before Foster is the same as they face after Foster.
 {¶ 26} Accordingly, Clark's second assignment of error is without merit.
 {¶ 27} Clark's third assignment of error states:
 {¶ 28} "DEFENDANT/APPELLANT WAS DENIED EFFECTIVE ASSISTANCE *Page 6 
OF COUNSEL DURING HIS RE-SENTENCING HEARING ON APRIL 13, 2007."
 {¶ 29} To prove an allegation of ineffective assistance of counsel, appellant must satisfy a two-prong test. First, appellant must establish that counsel's performance has fallen below an objective standard of reasonable representation. Strickland v. Washington (1984),466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674; State v. Bradley (1989),42 Ohio St.3d 136, 538 N.E.2d 373, paragraph two of the syllabus. Second, appellant must demonstrate that he was prejudiced by counsel's performance. Id. To show that he has been prejudiced by counsel's deficient performance, appellant must prove that, but for counsel's errors, the result of the proceedings would have been different.Bradley, 42 Ohio St.3d at paragraph three of the syllabus.
 {¶ 30} Appellant bears the burden of proof on the issue of counsel's alleged ineffectiveness. State v. Calhoun (1999), 86 Ohio St.3d 279,289, 714 N.E.2d 905. In Ohio, a licensed attorney is presumed competent. Id.
 {¶ 31} Clark maintains that he did not know who his counsel was until the day before the resentencing hearing. He also states that his counsel met with him only moments before the hearing began. Once the hearing began, Clark asserts that his counsel did nothing other than preserve the ex post facto/due process issues for appeal.
 {¶ 32} Here, the record does not support either prong of the two-prong test for ineffective assistance of counsel. First, Clark has failed to explain how counsel's performance fell below an objective standard of reasonable representation. Clark's counsel did preserve the ex post facto/due process issues, which were not addressed by State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. Clark has not opined about what other issues his counsel should have or could have raised. Given that Clark's sentence was mandated by statute, there was little, if nothing else, his counsel could have pursued.
 {¶ 33} Second, even if Clark could establish deficient performance on the part of his counsel, he has failed to demonstrate prejudice. The trial court imposed the *Page 7 
same sentence it had previously imposed. Also, as mentioned under Clark's first assignment of error, the statutes relative to Clark's sentence for rape were self-executing and required the trial court to impose a life term. Thus, it cannot be said that the result of the proceedings would have been different.
 {¶ 34} Accordingly, Clark's third assignment of error is without merit.
 {¶ 35} Clark's fourth assignment of error states:
 {¶ 36} "THE TRIAL COURT ERRED BY FAILING TO AFFORD DEFENDANT/APPELLANT HIS ALLOCUTION RIGHTS TO MITIGATE HIS SENTENCE[.]"
 {¶ 37} Clark argues that the trial court repeatedly interrupted his attempts at allocution and tried to limit his remarks at sentencing in violation of Crim.R. 32(A)(1). In support, Clark construes Crim.R. 32(A)(1) as allowing any information to be presented at allocution.
 {¶ 38} Specifically, Clark contends that the trial court improperly denied him the opportunity to present witness testimony. At sentencing, Clark indicated there were witnesses in the courtroom that could testify concerning the allegedly impaired mental capacity of his trial counsel. (Tr. 43.) He also indicated that there were affidavits and witnesses regarding the credibility of the victim. (Tr. 44.) The trial court did not allow Clark to call these witnesses, essentially explaining to him that the sentencing hearing was not the proper forum to assert those claims.
 {¶ 39} As another example of the trial court purportedly denying him his right of allocution, Clark refers to his attempt to point out "inconsistencies" in the trial transcript and alleged instances of ineffectiveness on the part of his trial counsel. In response, the trial court stated:
 {¶ 40} "Well, you see, what you've done now, Mr. Clark, is you've taken me to the edge where this is a vein [sic] and fruitless effort because what you have to ask and what you have to pursue here has nothing to do with your sentencing or as to why judgment and sentence should not be pronounced. So it's time to stop all of this and just proceed with sentencing." (Tr. 48.) *Page 8 
 {¶ 41} Crim.R. 32(A)(1) provides in pertinent part:
 {¶ 42} "Sentence shall be imposed without unnecessary delay. * * * At the time of imposing sentence, the court shall do all of the following:
 {¶ 43} "(1) Afford counsel an opportunity to speak on behalf of the defendant and address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment."
 {¶ 44} In State v. Campbell (2000), 90 Ohio St.3d 320,738 N.E.2d 1178, the Ohio Supreme Court examined a capital case where the trial court did not afford the defendant the right of allocution before sentencing. The court held:
 {¶ 45} "1. Pursuant to Crim.R. 32(A)(1), before imposing sentence, a trial court must address the defendant personally and ask whether he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment.
 {¶ 46} "2. Crim.R. 32(A)(1) applies to capital cases and noncapital cases.
 {¶ 47} "3. In a case in which the trial court has imposed sentence without first asking the defendant whether he or she wishes to exercise the right of allocution created by Crim.R. 32(A), resentencing is required unless the error is invited error or harmless error." Id., at paragraphs one, two, and three of the syllabus.
 {¶ 48} In this case, Clark was afforded his right of allocution. After Clark's attorney addressed the Court, the following colloquy took place:
 {¶ 49} "THE DEFENDANT: But, Your Honor, I have a right of allocution.
 {¶ 50} "THE COURT: So I'm willing to listen. Your lawyer already told me what he has to say —
 {¶ 51} "THE DEFENDANT: As part —
 {¶ 52} "THE COURT: — and now I'll listen to what you have to say." (Tr. 40)
 {¶ 53} Clark then went on and repeatedly tried to introduce evidence concerning the effectiveness of his trial counsel and contest the credibility of the victim. The trial court repeatedly cautioned Clark that the sentencing hearing was not *Page 9 
the proper avenue to pursue those issues. This back and forth went on for another approximately twenty-four pages of transcript.
 {¶ 54} As Crim.R. 32(A)(1) indicates, it allows a defendant to present "any information in mitigation of punishment." Clark focuses on the word "any" and completely ignores the last phrase "in mitigation of punishment." None of the evidence Clark was trying to present was "in mitigation of punishment." The proper forum for Clark to raise the issues he was attempting to explore was in the guilt phase of the trial, appeal of his conviction, and postconviction relief. As already mentioned, Clark has pursued and exhausted those avenues of relief to no avail. To whatever extent Clark perceives that he was denied his right of allocution, he invited that error by repeatedly refusing and declining the multiple opportunities to introduce evidence that was "in mitigation of punishment."
 {¶ 55} Accordingly, Clark's fourth assignment of error is without merit.
 {¶ 56} Clark's fifth assignment of error states:
 {¶ 57} "DEFENDANT/APPELLANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO COMPULSORY PROCESS."
 {¶ 58} Clark argues that he was denied his Sixth Amendment right to compulsory process when the trial court did not allow him to subpoena or call witnesses at his sentencing. As indicated under Clark's fourth assignment of error, Clark wanted to introduce the testimony of these witnesses to pursue his claim that his trial counsel had a mental illness and was thereby ineffective, and to attack the credibility of the victim.
 {¶ 59} The Sixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution provide that a criminal defendant shall have the right to compulsory process to procure the attendance of witnesses in their favor. State v. Denis (1997),117 Ohio App.3d 442, 445, 690 N.E.2d 955. The right is limited however. This court has observed that "a defendant's right to present witnesses is subject to the rules of procedure and evidence created to ensure an equitable and credible determination of his guilt or innocence."
(Emphasis added.) *Page 10 State v. Smith (June 6, 2001), 7th Dist. No. 99 CA 256, citingChambers v. Mississippi (1973), 410 U.S. 284, 302, 93 S.Ct. 1038,35 L.Ed.2d 297. Other courts have similarly recognized the right as atrial right. Cleveland v. Wanzo (1998), 129 Ohio App.3d 664, 667,718 N.E.2d 982, citing State v. Ballard (1981), 66 Ohio St.2d 473, 477, 20 O.O.3d 397, 423 N.E.2d 115. Clark has identified no caselaw indicating that the right of compulsory process is a right at sentencing.
 {¶ 60} Therefore, Clark's argument is flawed for two reasons. The right of compulsory process is a trial right, not a sentencing right. Second, the right is subject to the rules of procedure and evidence. Therefore, even if it were a right at sentencing, it would be subject to the limitation provided in Crim.R. 32(A)(1) that the evidence presented at sentencing be evidence "in mitigation of punishment." The evidence Clark was seeking to introduce went to the effectiveness of his trial counsel and the credibility of the victim, neither of which related to "mitigation of punishment."
 {¶ 61} Accordingly, Clark's fifth assignment of error is without merit.
 {¶ 62} Clark's sixth assignment of error states:
 {¶ 63} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY DENYING DEFENDANT/APPELLANT'S REQUEST FOR A REASONABLE CONTINUANCE."
 {¶ 64} At the sentencing hearing, Clark stated that the first time he met with his lawyer was when he arrived for the resentencing hearing and that he and his lawyer had only a few minutes to talk. Clark indicated that he had inadequate time to consult with his lawyer.
 {¶ 65} The grant or denial of a continuance is a matter that is entrusted to the broad, sound discretion of the trial judge. State v.Mason (1998), 82 Ohio St.3d 144, 155, 694 N.E.2d 932. An appellate court must not reverse the denial of a continuance unless there has been an abuse of discretion. State v. Unger (1981), 67 Ohio St.2d 65, 67,616 N.E.2d 186. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. State v. Apanovitch (1987),33 Ohio St.3d 19, 22, *Page 11 514 N.E.2d 394.
 {¶ 66} Moreover, there are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process.Unger, 67 Ohio St.2d at 67, 616 N.E.2d 186. Rather, as the United States Supreme Court has previously stated, "[t]he answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied."Ungar v. Sarafite (1964), 376 U.S. 575, 589, 84 S.Ct. 841,11 L.Ed.2d 921. A reviewing court must weigh potential prejudice to a defendant against a court's right to control its own docket and the public's interest in the prompt and efficient dispatch of justice. State v.Powell (1990), 49 Ohio St.3d 255, 259, 552 N.E.2d 191.
 {¶ 67} Here, Clark suffered no prejudice in not receiving a continuance. As mentioned under Clark's first assignment of error, the statutes relative to Clark's sentence for rape were self-executing and required that the trial court impose a life term. The granting of a continuance would not have done anything to change that.
 {¶ 68} Accordingly, Clark's sixth assignment of error is without merit.
 {¶ 69} Clark's seventh assignment of error states:
 {¶ 70} "THE TRIAL COURT ERRED IN DENYING THE DEFENDANT/APPELLANT'S MOTION FOR RECUSAL."
 {¶ 71} Clark asked the trial court judge to recuse himself because Clark believed he was biased and/or prejudiced against him. The court heard all of Clark's arguments in that regard, the majority of which ended up having nothing to do with bias and/or prejudice on the part of the judge. The trial court judge ultimately decided to remain on the case.
 {¶ 72} Clark also filed an affidavit of disqualification with the Ohio Supreme Court to have the trial court judge removed from hearing this case. The Court did not reach the merits of Clark's affidavit until May 21, 2007, after his resentencing had already taken place. The Chief Justice of the Ohio Supreme Court denied Clark's affidavit of disqualification, noting that nothing was then currently pending before the trial court in regards to Clark's case. *Page 12 
 {¶ 73} Nevertheless, Clark's argument in this regard is flawed. "The Chief Justice of the Supreme Court of Ohio, or his designee, has exclusive jurisdiction to determine a claim that a common pleas judge is biased or prejudiced." Jones v. Billingham (1995), 105 Ohio App.3d 8,11, 663 N.E.2d 657, citing Section 5(C), Article IV, Ohio Constitution;Adkins v. Adkins (1988), 43 Ohio App.3d 95, 539 N.E.2d 686. R.C. 2701.03
provides the exclusive means by which a litigant can assert that a common pleas judge is biased or prejudiced. Id. R.C. 2701.03(A) provides:
 {¶ 74} "If a judge of the court of common pleas allegedly is interested in a proceeding pending before the court, allegedly is related to or has a bias or prejudice for or against a party to a proceeding pending before the court or a party's counsel, or allegedly otherwise is disqualified to preside in a proceeding pending before the court, any party to the proceeding or the party's counsel may file an affidavit of disqualification with the clerk of the supreme court in accordance with division (B) of this section."
 {¶ 75} An appellate court lacks the authority to pass upon the disqualification of a common pleas court judge or to void the judgment of a trial court on that basis. State v. Ramos (1993),88 Ohio App.3d 394, 398, 623 N.E.2d 1336.
 {¶ 76} Additionally, it should be noted, once the Chief Justice has dismissed an affidavit of disqualification as not well taken, the ruling of the Chief Justice is res judicata as to the question. State v.Getsy (1998), 84 Ohio St.3d 180, 185, 702 N.E.2d 866.
 {¶ 77} Accordingly, Clark's seventh assignment of error is without merit.
 {¶ 78} Clark's eighth assignment of error states:
 {¶ 79} "DEFENDANT/APPELLANT WAS DENIED A FAIR SENTENCING DUE TO THE CUMULATIVE EFFECT OF THE SEVEN ASSIGNMENTS OF ERROR AS SET FORTH HEREIN."
 {¶ 80} Having discovered no errors, harmless or otherwise, the cumulative error doctrine is not applicable to this case. State v.Comwell, 7th Dist. No. 00-CA-217, *Page 13 
2002-Ohio-5177, at ¶ 88, citing State v. Garner (1995),74 Ohio St.3d 49, 64, 656 N.E.2d 623.
 {¶ 81} Accordingly, Clark's eighth assignment of error is without merit. *Page 14 
 {¶ 82} The judgment of the trial court is hereby affirmed.
Vukovich, J., concurs.
 DeGenaro, P.J., concurs. *Page 1